HARRY DEVERMAN, PLAINTIFF-APPELLANT-RESPOND-
ENT, v. STEVENS BUILDERS, INC., A CORPORATION
OF THE STATE OF NEW JERSEY, DEFENDANT-RE-
SPONDENT, AND P. MICHELOTTI & SONS, INC., A COR-
PORATION OF THE STATE OF NEW JERSEY, DEFEND-
ANT-RESPONDENT-CROSS APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 21, 1954—Decided July 1, 1954.

348

Before Judges CLAPP, SMALLEY and SCHETTINO.

*Mr. Paul Rittenberg* argued the cause for plaintiff-appellant-respondent (*Mr. Peter Hofstra,* attorney; *Mr. Howard Stern* on the brief).

*Mr. James A. Major* argued the cause for defendants (*Mr. Richard J. Baker,* attorney for cross-appellant; *Mr. Steven Koribanics,* attorney for defendant Stevens Builders, Inc.).

The opinion of the court was delivered by

SCHETTINO, J. S. C. (temporarily assigned). Appeal and cross-appeal are taken from a judgment of the Chancery Division of this court.

Plaintiff operated a nursery business in Clifton, raising on the parts of premises here involved rose plants and barberry plants. Defendant Stevens Builders, Inc., adjoining landowner, was developing its tract into a residential area. Incidental to this development Stevens hired defendant P. Michelotti & Sons, Inc., a contracting concern, to lay a sewer along Stevens' land where it adjoined plaintiff's nursery. Stevens had Michelotti eliminate a drainage ditch, the use of which plaintiff enjoyed under an easement. This ditch served both the nursery property and Stevens' property. Michelotti also trespassed on plaintiff's land with heavy

machinery destroying the barberry crop growing immediately next to the Stevens property. Further, the elimination of the drainage ditch produced flood conditions on plaintiff's land destroying the rose crop which had been growing next to the barberry.

Plaintiff sued in equity, seeking a mandatory injunction and damages for alleged trespass. Jury trial was waived. The trial court granted judgment as follows:

(1) Ordered Stevens to either alter its sewer installations so as to take care of plaintiff's land or restore the drainage ditch.

(2) Found Stevens liable for destruction of the rose crop by flooding but entered judgment in its favor on the ground that plaintiff failed to put in sufficient evidence to allow assessment of damages.

(3) Awarded damages against Michelotti of $1,200 "after a reasonable allowance for salvage" for destruction of the barberry crop through trespass with its heavy equipment.

Plaintiff's appeal goes to two matters: (1) the failure to award damages for the destruction of the rose crop; and (2) inadequacy of the damages for the barberry crop. Michelotti files a cross-appeal from the barberry award.

▮ Although the trial court found defendant Stevens liable for the destruction of plaintiff's rose bushes, an award for damages to the roses was denied because proof was missing as to the amount of damages to the roses. The court in its opinion stated: "Therefore; no award of damages can be made for the loss of roses unless the plaintiff promptly supplies the missing proof." Subsequently, by two applications plaintiff sought leave to submit additional evidence. The applications were denied and no reason given. In view of the statement by the trial court quoted above, we think the court committed reversible error in denying the motions to submit additional evidence.

In awarding damages for the barberry bushes, the court made an allowance for salvage. The record before us cannot sustain a finding that there was any salvage. Nevertheless

we feel that in order to do full justice, further proof should be offered as to the question of salvage.

The trial court properly enunciated the measure of damages for the value of a growing crop as the value at the time and place of destruction. 15 *Am. Jur., Crops, sec.* 76, *p.* 259; 175 *A. L. R.* 159, 162; 25 *C. J. S., Damages,* § 85, *p.* 610. "The basis of compensation is the value of the unmatured crop at the time it is destroyed. But since it is not customary to buy or sell growing crops as such, no effective market value, in this sense, ordinarily exists. The formula adopted has been to take evidence on the probable yield and value of the crop when harvested at maturity and the cost of further care and cultivation, harvesting and marketing the crop, in order to determine the actual realizable value of the crop when destroyed; or what the crop when harvested would have brought, less the prospective cost of cultivation, harvesting and marketing." *United States v. 576.734 Acres of Land, etc.,* 143 *F.* 2d 408, 409 (*C. C. A.* 3 1944), *certiorari* denied under name of *Hankin v. United States,* 323 *U. S.* 716, 65 *S. Ct.* 43, 89 *L. Ed.* 576 (1944); 175 *A. L. R.* 175.

Remanded to trial court to allow submission of additional evidence as to damages.